GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF P. MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S POSITION RE:</u> |
| v. | ) <u>SENTENCING OF DEFENDANT JUAN</u> <u>GARCIA LOPEZ HERNANDEZ</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) CURRENT SENTENCING DATE: **1/11/10** |
| Defendants. | ) PROPOSED SENTENCING DATE: **1/25/10** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position for defendant Juan Garcia Lopez Hernandez. The United States respectfully recommends that the Court sentence defendant as follows: 70 months imprisonment to be followed by four years of supervised release. The government's position is based upon the

attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: January 6, 2010

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


           /s/
JUSTIN R. RHOADES
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 27, 2009, defendant Juan Garcia Lopez Hernandez ("defendant") pled guilty to Count One of the First Superseding Indictment, charging him with conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846.  Sentencing is currently scheduled for January 11, 2010, but defendant has requested a continuance to January 25, 2010.

Pursuant to his plea agreement, defendant admitted that he conspired to receive heroin from co-defendant Jesus Mendoza and then distributed it to others.  Plea Agreement ¶ 11.  Defendant's role was that of a broker for the heroin, selling it to others who would then resell the heroin to users.  In furtherance of the conspiracy, on December 11, 2008, defendant possessed with others approximately 306.58 grams of heroin.  On that date defendant also possessed approximately $3,032 in United States currency, "pay and owe" sheets, receipts for money transfers, two digital scales, unused plastic and paper baggies, bottles of lactose, empty balloon packages, coffee grinders, and funnels.  Id.

Defendant admitted that he knew that the substance he possessed and conspired to possess was heroin, and that he knew that the conspiracy included an agreement to sell more than 100 but less than 400 grams of heroin.  Id.

**II.   THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 21, 2009.  The PSR calculated the total offense level as follows:

1

```
Base Offense Level  :    26   U.S.S.G. § 2D1.1(c)(7)
  (21 U.S.C. § 846)

Acceptance of
Responsibility      :    -3   U.S.S.G. § 3E1.1

Total Offense Level :    23
```

PSR ¶¶ 22-34.  The PSR also calculated a criminal history category of IV based on seven criminal history points.  PSR ¶¶ 44-47.  The PSR calculated the guideline sentence to be 70-87 months of imprisonment, 4 years to life of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $2,000,000.  PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 70-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100.  USPO Recommendation Letter.  The Probation Officer found that defendant does not have the ability to pay a fine. Recommendation Letter at 1.

**IV.  THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the low end of the advisory sentencing guideline range applicable to defendant.[1]  Because of defendant's criminal history points, it does not appear that he is eligible for relief pursuant to 18 U.S.C. § 3553(a)(1)(f).

---

[1] The United States hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

2

Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a 70-month term of imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100. The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a).

### 1. The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Defendant conspired to distribute a significant quantity of heroin – he admitted to conspiring to distribute between 100 and 400 grams – as part of an organization that distributed heroin in East Los Angeles for many years. His participation lasted at least several months and was not a one-time transaction.

This is defendant's second conviction for narcotics trafficking. Moreover, he has been deported in the past and has returned to the United States and committed further crimes. As a result, a substantial sentence is warranted.

### 2. The Need For The Sentence Imposed

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. As alleged in the indictment, the instant offense was a long-running conspiracy to distribute heroin in East Los Angeles and beyond.

3

Defendant participated in the offense on an on-going basis, routinely delivering the drug to customers. These facts demonstrate the seriousness of the offense, and the sentence imposed should be crafted to reflect that. Such a sentence would also hopefully act as a deterrent to others, including those like defendant, who enter the United States illegally and proceed to commit crime. A sentence above the 60-month statutory mandatory minimum is justified in light of defendant's prior contacts with law enforcement, including his conviction for possession of heroin with intent to distribute as recently as 2006.

3. <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Imposing a 70-month will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Some of defendant's co-conspirators, with less extensive criminal histories have been sentenced to the statutory mandatory minimum of sixty months. Because defendant's criminal history is more lengthy, a higher sentence is warranted. Sentencing defendant to 70 months avoids unwarranted disparities among the other defendants in this case.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 70 months of imprisonment, four years of supervised release on the terms set forth in the PSR, and a special assessment of $100.